**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICKY LYNN HATFIELD,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:24-1531** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **PENNSYLVANIA BOARD** | | |
| **OF PAROLE,** *et al.***,** | : | |
| | | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 to challenge a denial of parole. The petition will be denied and a certificate of appealability will not issue.

**I.    BACKGROUND**

Petitioner, Ricky Lynn Hatfield, is incarcerated in Mahanoy State Correctional Institution ("SCI-Mahanoy") pursuant to a state criminal conviction. He brings the instant case under 28 U.S.C. §2254 to challenge the denial of his parole by the Pennsylvania Parole Board. (Doc. 1). Hatfield asserts that the denial of parole violated his constitutional right to due process because it was based on arbitrary considerations. (*Id.*) Respondents responded to the petition on November 12, 2024. (Doc. 11). Respondents argue that the petition should be dismissed for failure to exhaust state court

remedies or, alternatively, denied on its merits. (*Id.*) Hatfield filed a reply brief on November 29, 2024, making the petition ripe for review. (Doc. 10).

## II. STANDARD OF REVIEW

A challenge to the denial of parole is cognizable under Section 2254. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). However, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id*.

## III. DISCUSSION

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, because the denial of parole "does not implicate any constitutionally [or state] protected liberty interest," the scope of federal judicial review of state parole denials is limited. *Diehl-Armstrong v. Pa. Bd. of Prob. & Parole*, No. 13-CV-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The federal court is

confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).

To show a violation of substantive due process, a habeas petitioner must demonstrate that: (1) he was arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole. *Id.* "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002).

In this case, Hatfield asserts that the denial of his application for parole violated his right to due process. (Doc. 1). Respondents contend the petition should be dismissed for failure to exhaust or denied on its merits. (Doc. 9).

3

At the outset, the court finds respondents' exhaustion argument unavailing. This court recently rejected an essentially identical argument for failure to exhaust state court remedies in *Mathis v. Rivello*, No. 3:23-CV-225, 2025 WL 524301, at *7-8 (M.D. Pa. Feb. 18, 2025) (Mannion, J.). In *Mathis*, the court held that *Defoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005), remains good law and compels the conclusion that habeas petitioners challenging the denial of parole are not required to exhaust remedies through Pennsylvania state courts before they may file in federal court. *Mathis*, 2025 WL 524301, at *8. The court does not see any sound basis to reach a contrary conclusion in this case and accordingly holds that dismissal of the petition for failure to exhaust state court remedies is not warranted.

Turning to the merits, Hatfield acknowledges that he was denied parole based on a finding that he posed a risk to the community and that he has an unsatisfactory supervision history, but he argues the denial was "arbitrary" because it was "contrary to all the things [he] has accomplished during his incarceration," which "clearly demonstrate he has rehabilitated himself." (Doc. 1 at 2). Hatfield argues that if a jury reviewed his record, it "would agree that the Parole Board's decision was an abuse of discretion." (*Id.* at 3).

Hatfield's argument amounts to a mere disagreement with the parole board's determination, which is not sufficient to obtain relief. *See, e.g.*, *Ball*

*v. Bohenski*, No. 1:25-CV-1293, 2025 WL 2638364, at \*3 (M.D. Pa. Sept. 12, 2025); *Ordiway v. Pa. Bd. of Parole*, No. 3:24-CV-741, 2024 WL 2214694, at \*2 (M.D. Pa. May 15, 2024); *Picarella v. Wetzel*, No. 1:19-CV-382, 2021 WL 199356, at \*4 (M.D. Pa. Jan. 20, 2021). The parole board's determination that Hatfield posed a risk to the community and had an unsatisfactory history during his incarceration presented "some basis for the challenged decision." *Coady*, 251 F.3d at 487. Hatfield's unsupported disagreement does not establish that the board violated his right to due process.

## IV.   CONCLUSION

For the foregoing reasons, the court will deny the petition for writ of habeas corpus. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.


*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   September 17, 2025**
24-1531-01


5